IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**KIMBERLY DAVIS, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 3:21-cv-3076-TLB

**GIS FIELD SERVICES, INC.**            **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Kimberly Davis, individually and on behalf of all others similarly situated, by and through her attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action against Defendant GIS Field Services, Inc. ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who were employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated

overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty per week.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within the State of Arkansas.

6. Plaintiff performed work for Defendant in the following counties: Stone, Newton, Searcy, Baxter, Boone, Marion and others.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

8. Plaintiff performed work for Defendant within the Harrison Division of the Western District, and venue is therefore proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Stone County.

10. Defendant is a Texas, for-profit corporation.

11. Defendant's registered agent for service of process is Braden Wayne at 12720 Hillcrest Road, Suite 1045, Dallas, Texas 75230.

12. Defendant, in the ordinary course of business, maintains a website at https://www.gisfieldservices.com/.

## IV.  FACTUAL ALLEGATIONS

13. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Defendant's primary business is providing property inspection services.

15. Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

16. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

17. Plaintiff used instrumentalities of interstate commerce, such as the internet and her cell phone, in the course of her duties.

18. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

19. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

20. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

21. Plaintiff worked for Defendant as a Field Inspector from July of 2021 to November of 2021.

22. Defendant also employed other Field Inspectors within the three years preceding the filing of this lawsuit.

23. At all relevant times herein, Defendant directly hired Plaintiff and other Field Inspectors to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Plaintiff's primary duty was to travel to properties and complete inspections, which consisted of taking photos and posting notices.

25. Other Field Inspectors had the same or similar duties as Plaintiff.

26. Plaintiff's and other Field Inspectors' work followed the usual path of employer-employee relationships; Defendant treated them as independent contractors only for tax purposes and for Defendant's convenience.

27. Defendant, at all times relevant hereto, knew that Plaintiff and other Field Inspectors were acting as employees, rather than as independent contractors, and treated them as employees.

28. At all times material herein, Plaintiff and other Field Inspectors have been entitled to the rights, protections and benefits provided under the FLSA.

29. Defendant classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

30. Defendant also classified other Field Inspectors as independent contractors.

31. Plaintiff and other Field Inspectors did not financially invest in Defendant's business.

32. Plaintiff and other Field Inspectors did not share in the profits or losses of the Defendant's business.

33. Defendant, not Plaintiff or other Field Inspectors, set prices for inspection services.

34. Defendant determined Plaintiff's and other Field Inspectors' pay scale for services without input from or negotiation with Plaintiff and other Field Inspectors.

35. Defendant, not Plaintiff or other Field Inspectors, decided whether and how many Field Inspectors to hire.

36. Plaintiff and other Field Inspectors were hired to work for Defendant for a continuous and ongoing period of time.

37. Plaintiffs and other Field Inspectors did not have any control of or authority over any employee's rate of pay or working hours.

38. Defendant set the Defendant's business policies and rules and had complete control over the venue.

39. Defendant required Plaintiff and other Field Inspectors to follow Defendant's business policies and rules.

40. Defendant required Plaintiff and other Field Inspectors to adhere to Defendant's dress code.

41. Defendant made decisions on advertising Defendant's business without Plaintiff's and other Field Inspectors' input.

42. Plaintiff and other Field Inspectors could not refuse an assignment.

43. If Plaintiff and other Field Inspectors refused an assignment from Defendant, they risked discipline, up to and including termination.

44. Plaintiff and other Field Inspectors are entitled to wages and compensation based on the standard minimum wage for all hours worked.

45. Plaintiff and other Field Inspectors are entitled to 1.5x their base hourly rate for hours worked over 40 each week.

46. Plaintiff was paid a piece rate of $8 to $10 for each property inspected.

47. Plaintiff was paid neither a salary nor an hourly rate.

48. Other Field Inspectors were also paid a piece rate for each property inspected.

49. Plaintiff regularly worked over forty hours per week.

50. Upon information and belief, other Field Inspectors also regularly worked more than forty hours per week.

51. Plaintiff completed approximately 20 to 30 inspections per day, 2 to 3 days per week.

52. Because Plaintiff regularly worked so many hours each week, Defendant failed to pay Plaintiff the applicable minimum wage for hours worked up to 40 each week.

53. Defendant failed to pay Plaintiff 1.5x her base hourly rate for hours worked over 40 each week.

54. Upon information and belief, other Field Inspectors also worked so many hours per week that their constructive hourly rate fell below the applicable minimum wage.

55. Defendant failed to pay other Field Inspectors their base hourly rate for hours worked over 40 each week.

56. Plaintiff and other Field Inspectors were required to drive between properties in the course of their duties.

57. Defendant requires Field Inspectors to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for Field Inspectors to complete their job duties.

58. Pursuant to such requirements, Plaintiff and other Field Inspectors purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendant.

59. Defendant does not track Plaintiff's or other Field Inspectors' actual expenses nor does Defendant keep records of all of those expenses.

60. Defendant does not reimburse Plaintiff and other Field Inspectors for their actual expenses.

61. Defendant does not reimburse Plaintiff and other Field Inspectors at the IRS standard business mileage rate.

62. Defendant does not reimburse Plaintiff and other Field Inspectors at a reasonable approximation of Delivery Drivers' expenses.

63. Defendant does not provide any reimbursement to Plaintiff and other Field Inspectors for expenses incurred.

64. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

65. Because Defendant failed to reimburse Plaintiff and other Field Inspectors for mileage, they consistently "kicked back" to Defendant the cost of their mileage, which caused additional overtime violations.

66. Defendant did not pay Plaintiff for all of the inspections that she completed, which led to additional minimum wage and overtime violations.

67. Defendant knew, or showed reckless disregard for whether, the way they paid Plaintiffs and other Field Inspectors violated the FLSA and AMWA.

68. At all relevant times herein, Defendant has deprived Plaintiff and other Field Inspectors employees of a lawful minimum wage for all hours worked and proper overtime compensation for all the hours worked over forty per week.

69. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

70. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as Field Inspectors at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Lawful minimum wage for all hours worked;

   B. Overtime premiums for all hours worked for Defendant in excess of forty hours in any week;

   C. Liquidated damages; and

   D. Attorneys' fees.

71. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

72. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

73. Plaintiff proposes the following collective under the FLSA:

**All Field Inspectors who were paid on a piece-rate basis in the past three years.**

74. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were paid on a piece-rate basis;

B. They were not paid an overtime premium for all hours worked in excess of forty per week;

C. They regularly worked more than forty hours per week; and

D. They were subject to Defendant's common policy of requiring them to perform work off the clock.

75. Plaintiff is unable to state the exact number of the collective but believe that the collective exceeds 50 persons.

76. Defendant can readily identify the members of the Section 16(b) class, which encompasses all Field Inspectors who worked within the relevant time period.

77. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

78. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

79. Plaintiff asserts these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

80. At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

81. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

82. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

83. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

84. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

85. Defendant failed to pay a lawful minimum wage for all hours worked.

86. Defendant knew or should have known that its actions violated the FLSA.

87. Defendant's failure to pay Plaintiff all overtime wages was willful.

88. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
## (Collective Action Claim for Violation of the FLSA)

89. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

90. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

91. At all relevant times, Defendant has been an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

92. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

93. Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

94. Defendant failed to pay Plaintiff and similarly situated employees a sufficient minimum wage.

95. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 each week.

96. Defendant knew or should have known that its actions violated the FLSA.

97. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

98. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

99. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

100. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

101. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

102. Defendant misclassified Plaintiff as exempt from the requirements of the AMWA.

103. Defendant failed to pay Plaintiff a sufficient minimum wage.

104. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

105. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.


106. Defendant's failure to pay Plaintiff wages owed was willful.

107. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kimberly Davis, individually and on behalf all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA and their related regulations;

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA, the AMWA and their related regulations;

E. Judgment for liquidated damages pursuant to the FLSA, the AMWA and their related regulations;

F. An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**KIMBERLY DAVIS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com